**HALLAM et, Plaintiffs, v. ALBERTINI, Defendant.**

Common Pleas Court, Franklin County.

No. 190825.   Decided November 9, 1954.

Barbara Bridge, Columbus, for plaintiff.
John F. Seidel, Columbus, for defendant.

## OPINION

By BARTLETT, J.

MOTION TO MAKE PETITION DEFINITE AND CERTAIN:

1. State whether contract oral or written.  Overruled.

"A promise required to be in writing may be declared on generally in a petition. It is not necessary to allege in the petition that the contract was in writing." **9 O. Jur. Contracts, Sec. 366, p. 618.**

"Generally speaking, whether it is to be established by a paper writing, or by oral testimony, is a matter of evidence, not a matter of pleading." **31 O. Jur. Pleading, Sec. 83, p. 635.**

2. State "exact terms" as to the length of tenure. Sustained. Petition too general in this respect.

"It is not every untrue statement, connected with a transaction, which will sustain an action for deceit, although it be shown to have induced the plaintiff to act to his harm. A mere promise to do an act in the future is an illustration. A broken promise, although causing harm to the promisee, is not a tort. If it were, the distinction between breaches of contract and torts would dissappear." Burdick's Law of Torts (3rd Ed.), p. 419.

Burdick's Law of Torts (3rd Ed.), p. 419. In any event, the false statement must be one of fact. To state merely that the promisor informed plaintiff that "the premises were and would continue to be available for such purposes," is too general to distinguish whether it constitutes a statement of fact or merely an opinion or belief. Ibid. Sec. 445, p. 421.

"A representation may be so indefinite that the person to whom it is made has no right to rely upon it." **19 O. Jur. Fraud and Deceit, Sec. 111, p. 404;** 23 Am. Dec. Fraud and Deceit, Sec. 156, p. 963.

6. Items of damage be detailed, such as "cost of moving, loss of business, profits and good will, due to change of location. Sustained. Expenses incurred as result of injury should be specially pleaded in tort action. **13 O. Jur. Damages, Sec. 162, p. 268, Sec. 157, p. 261.**

"Loss of profits furnishes ground for recovery in action for damages for tort, where they are susceptible of accurate estimation," etc. **13 O. Jur. Damages, Sec. 77, p. 159.**

"Ordinarily, in an action for interruption of an established commercial business, anticipated profits of such business are considered too remote, uncertain, and speculative to permit a recovery for their loss." etc. Ibid, Sec. 78, p. 160.

The party should plead the specific amount lost by virtue of the loss of use of the premises. Proper to consider profits, not as the measure of damages, but as a factor affecting the value of the use of the property. **Newark Coal Co. v. Upson, 40 Oh St 17.**

3. Separately state and number the causes of action. Sustained.

"In the broad sense of the term, a false representation is an essential element of fraud either as the basis of an action for damages or as a ground for rescission." 23 Am. Jur. Fraud and Deceit, Sec. 22, p. 775.

"The granting of relief, through the remedies of rescission and cancellation, from the consequences of such inequitable conduct as is not cognizable as fraud at common law, and which is usually called constructive, as distinguished from actual, fraud, is one of the original heads of equity jurisdiction."

Such as "unconscionable advantage." **6 O. Jur. Cancellation of Instruments, Sec. 3, p. 492.**

In the instant case, plaintiff asks judgment for damages, and also rescission of the contract for the purchase of the shoe repair equipment and the return of $1300.00 consideration therefor. It is conceivable that on hearing the evidence at the trial, the Court might order rescission and return of the $1300.00 on the basis that it was "unconscionable" to retain such money, and yet that this did not afford proper basis for damages otherwise. The two actions should be separated, and it would be to plaintiff's benefit to do so.

4. To strike out of the petition the words, "desiring to establish a beer and wine carry-out store," etc., overruled.

5. To strike from the words "plaintiffs entered into possession of such premises," etc., overruled.

The words objected to in items 4 and 5 are merely matters of inducement by way of an explanatory averment to give the Court an intelligent understanding of the facts forming the subject of the controversy which is always proper, and is in no sense prejudicial to the adverse party. **31 O. Jur. Pleading, Sec. 56, p. 593.**

The Court, however, reserves any ruling as to "spice cake" mentioned in the briefs of both counsel for plaintiffs and defendant, with the suggestion that after the instant case has been disposed of and forgotten, counsel for plaintiff should bake the cake and invite counsel for defendant and the Court over as guests when she serves the cake.

Entry accordingly with exceptions by counsel for defendant and plaintiff.